PER CURIAM
*951 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Louise Anne Klaila, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 15-DB-030 and 16-DB-089. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committees written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration in either matter. The formal charges were considered by separate hearing committees, and then consolidated by order of the disciplinary board in June 2017. The board filed in this court a single recommendation of discipline encompassing both sets of formal charges.
15-DB-030
In January 2014, the ODC received notice from Chase Bank that a check in the amount of $225 drawn on respondent's client trust account had been returned unpaid for insufficient funds in the account. The ODC then sent respondent a letter requesting an explanation for the returned check as well as copies of six months of bank records for the account; however, the correspondence was returned to the ODC unclaimed. As a result, a formal complaint was opened.
Notification of the formal complaint was mailed to respondent in March 2014, again requesting the previously sought information. By letter dated April 7, 2014, respondent provided the requested financial records. She also provided a formal response to the complaint wherein she acknowledged that she deposited personal funds into her client trust account and left earned fees in the account to pay operating expenses.
In September 2014, the ODC requested that respondent explain certain online transfers from her client trust account into a Chase Bank checking account. The ODC requested that this information be furnished within fifteen calendar days of the date of the correspondence. Respondent failed to respond to the request for supplemental information, necessitating the issuance of a subpoena on October 29, 2014. On November 4, 2014, respondent submitted the supplemental information.
In December 2014, the ODC conducted an audit of respondent's client trust account. The audit revealed that respondent misused her trust account and engaged in commingling and conversion of client funds. Respondent deposited money into her trust account to cover office-related expenses on November 5, 2013 and on December 11, 2013. Respondent paid her office rent twice during the audit period, once on November 13, 2013 and again on December 27, 2013. Both checks were written in the amount of $225.
*952 On November 7, 2013, respondent made a $200 deposit into her trust account for the benefit of Sabrina Walker. During the audit period, the balance of the account fell below the amount held on Ms. Walker's behalf. On December 26, 2013, respondent electronically transferred $100 to her operating account to cover expenses; however, only $35.75 in attorney funds was available at this time. On January 7, 2014, respondent made a $1,000 deposit into her trust account for the benefit of Lucinda Weed. Electronic transfers for attorney's fees were subsequently processed totaling $800, leaving $200 held in the account on Ms. Weed's behalf. As of February 28, 2014, the balance of respondent's client trust account was $238.32, which is below the total of $400 respondent was holding on behalf of Ms. Walker and Ms. Weed.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients or third persons) and 8.1(c) (failure to cooperate with the ODC in its investigation).
Hearing Committee Report
After considering the ODC's deemed admitted submission in 15-DB-030, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Specifically, the committee found that respondent improperly used her trust account to pay law office operating expenses, including rent and utilities, which constitutes a commingling of her personal funds with her clients' funds. In addition, on at least one occasion respondent transferred $100 from her trust account to her operating account when only $35.75 in attorney funds was available in the account. This constitutes a conversion of her clients' funds.
With regard to the charge that respondent failed to cooperate with the ODC, the committee acknowledged that on both occasions when respondent's replies to the ODC's requests for information were delayed, she offered an explanation for the delay, apologized, and denied any intention not to cooperate with the ODC. The committee stated that these explanations may be persuasive, but ultimately they are of no avail because the formal charges alleging a failure to cooperate were deemed admitted and proven by clear and convincing evidence.
Based on these facts, the committee determined respondent violated Rules 1.15 and 8.1(c) of the Rules of Professional Conduct as alleged in the formal charges.
The committee determined that respondent's violation of Rule 1.15 was negligent. There was no actual harm caused to her clients or third parties, however, the potential for harm was present. The committee determined that the applicable baseline sanction is suspension.
The committee found no aggravating factors. In mitigation, the committee found the following: absence of a prior disciplinary record and absence of a dishonest or selfish motive. The committee also recognized in mitigation that (1) although respondent has been a lawyer for over thirty years, she worked in the public sector for a majority of her legal career and did not operate or manage a client trust account until two years before the incident that triggered these proceedings; (2) the returned check that caused the ODC to open an investigation was inadvertent and immediate steps were taken to correct it; and (3) respondent has taken measures to avoid commingling personal funds with client funds.
After also considering this court's prior jurisprudence addressing similar misconduct, the committee recommended respondent be suspended from the practice of law *953 for one year, with all but one month deferred. The committee also recommended that respondent be required to attend an additional continuing legal education course in managing client trust accounts. Finally, the committee recommended respondent be assessed with the costs and expenses of this proceeding.[2]
Neither respondent nor the ODC filed an objection to the hearing committee's report.
16-DB-089
Sherry Rigaud retained respondent to represent her in a child custody matter that was remanded to the Orleans Parish Civil District Court from the Fourth Circuit Court of Appeal. Ms. Rigaud paid respondent a $1,000 retainer fee in connection with the representation. On July 16, 2014, respondent filed a motion for extension of time to file a Motion to Amend or Set Aside a Consent Judgment. Respondent was granted seven days to file the amended pleading. On July 23, 2014, respondent timely filed the Amended Motion to Amend or Set Aside a Consent Judgment, but she did not attach an order to the Motion. Respondent took no further action to cure the deficiency of the filing or to move the matter forward, and she failed to respond to Ms. Rigaud's repeated requests for information concerning the status of her case. Respondent also failed to refund any part of the fee she received from Ms. Rigaud.
In September 2015, Ms. Rigaud filed a complaint against respondent with the ODC. Respondent failed to reply to the complaint.
The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 3.2 (failure to expedite litigation), 8.1(c), and 8.4(a) (violation of the Rules of Professional Conduct).
Hearing Committee Report
After considering the ODC's deemed admitted submission in 16-DB-089, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence, and that respondent violated the Rules of Professional Conduct as charged.
The committee found that respondent knowingly violated duties owed to her client. She charged an excessive fee for the legal work done, then failed to return any part of the fee, despite Ms. Rigaud's request for same. The only pleadings filed by respondent on Ms. Rigaud's behalf were a motion for extension of time and a motion to amend or set aside a consent judgment. However, respondent failed to file an order with the motion to amend. The case involved back child support issues, and the matter had already been heard by the trial court and reviewed by the Fourth Circuit Court of Appeal. Thus, the delays caused by respondent's inaction only further delayed resolution of the case.
As to the amount of harm suffered by Ms. Rigaud, the committee noted that the record does not reflect whether the child support case has been resolved. Thus, the committee could not make a finding as to the extent of the harm caused by respondent's misconduct. However, there is no doubt that harm existed as the case was *954 delayed to a significant degree. Additionally, Ms. Rigaud's unearned fee was not returned to her. The committee determined that the applicable baseline sanction in this matter is suspension.
The committee found no mitigating factors present. The committee found that respondent has a prior disciplinary record, based upon the pending formal charges in 15-DB-030.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for one year, with all but three months deferred, followed by a six-month period of supervised probation. The committee also recommended that within one year, respondent should be required to attend fifteen hours of additional continuing legal education courses in the areas of ethics, law office management, and trust accounts. Finally, the committee recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
15-DB-030 and 16-DB-089
After review, the disciplinary board determined that the factual allegations in the formal charges were deemed admitted and proven. The board also determined that the legal conclusions of the committees are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the factual allegations. Based on these findings, the board concluded that the committees correctly applied the Rules of Professional Conduct.
The board determined that in commingling and converting client funds, respondent negligently violated a duty owed to clients. While her conversion did not cause any actual harm, the potential for harm existed. By neglecting her client's legal matter, failing to communicate with her client, failing to return unearned fees, and failing to advance her client's legal matter, respondent knowingly violated duties owed to her clients. In both sets of formal charges, respondent also violated a duty owed to the profession by knowingly, if not intentionally, failing to timely respond and cooperate with the ODC in its investigations. This conduct caused the ODC to expend additional resources in the investigation of the matters and in the bringing of the formal charges. The board agreed with the committees that the baseline sanction is suspension.
The board found no mitigating factors are present. In aggravation, the board found the following factors: a prior disciplinary record,[3] a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and indifference to making restitution (as to 16-DB-089).
After further considering this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board further recommended respondent be required to provide an accounting and make restitution of any unearned fees to Ms. Rigaud. Finally, the board recommended she be assessed with the costs and expenses of this proceeding.
*955 Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted.
However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The evidence in the record of this deemed admitted matter supports a finding that respondent commingled and converted client funds, neglected her client's legal matter, failed to communicate with her client, and failed to return an unearned fee. She also failed to cooperate with the ODC in the investigation of two disciplinary complaints against her. As such, she has violated Rules 1.3, 1.4, 1.5, 3.2, 1.15, 8.1(c), and 8.4(a) of the Rules of Professional Conduct.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent acted negligently in commingling and converting client funds. She acted knowingly in neglecting Ms. Rigaud's legal matter, failing to communicate with Ms. Rigaud, and failing to return the unearned portion of the fee Ms. Rigaud paid. She acted knowingly, if not intentionally, in failing to cooperate with the ODC in its investigations. This conduct violated duties owed to respondent's clients and the profession. Respondent caused actual harm to Ms.
Rigaud by delaying the resolution of her legal matter and by not promptly refunding her legal fee. Respondent caused potential harm by mishandling her client trust account. Under the ABA's Standards for Imposing Lawyer Sanctions , the applicable baseline sanction is suspension. The aggravating factors found by the disciplinary board are supported by the record, and we agree that the record does not support any mitigating factors.
Under these circumstances, we agree with the board that a one year and one day suspension is appropriate. This sanction will require respondent to apply for reinstatement and demonstrate to our satisfaction that she has remedied the problems that caused her misconduct. Accordingly, *956 we will adopt the disciplinary board's recommendation and suspend respondent from the practice of law for one year and one day. We will also order respondent to provide an accounting and make restitution of any unearned fees to Ms. Rigaud.
DECREE
Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Louise A. Klaila, Louisiana Bar Roll number 31408, be and she hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall provide an accounting and a refund of unearned fees to Sherry Rigaud. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
CRICHTON, J., additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons:
I agree with the Court's imposition of a one year and one day suspension for respondent in this matter. However, I write separately to point out the troublesome manner in which respondent has blatantly ignored the serious and proven allegations against her. Despite numerous attempts by the Office of Disciplinary Counsel to reach respondent during the course of its investigation, respondent maintained her indifference and consistent refusal to cooperate. In my view, respondent's disdain for the disciplinary process, her negligence in maintaining her client trust account, and her disregard for the Rules of Professional Conduct absolutely warrant the suspension imposed.

Respondent was admitted to the practice of law in Louisiana in 2007. On September 11, 2017, she was declared ineligible to practice law in this state for failing to pay her bar dues and the disciplinary assessment. Respondent is also admitted to the bars of New Mexico (admitted 1985) and Maine (admitted 1990).

The public member concurred in part and dissented in part. She largely agreed with the majority's report, but felt that the additional CLE should have to be completed within one year of the final judgment in this matter or else "the Respondent would have no incentive to complete the training in a timely manner."

See Board of Overseers of the Bar v. Klaila , No. GCF 10-129 (Maine 5/24/11). After being administratively suspended in 2009 for CLE deficiencies and failure to pay required fees, a complaint was brought against respondent in Maine. Respondent never filed an answer. The Grievance Commission issued a public reprimand as a result of the misconduct.